UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RANDY D. PITTMAN,**      Plaintiff,  v.  **FEDERAL BUREAU OF INVESTIGATION, et al.,**      Defendants. | Case No. 2:23-cv-896-CLM-GMB |

## MEMORANDUM OPINION

The magistrate judge has entered a report recommending that the court dismiss this case without prejudice under 28 U.S.C. § 1915(g). (Doc. 3). Plaintiff Randy D. Pittman objects to the report and recommendation. (Doc. 4). In his complaint, Pittman alleges that the FBI seized his property under a search warrant and failed to return his property, despite a court order to do so. (Doc. 1). When he filed his complaint, Pittman did not pay the filing fee. Instead, Pittman moved for leave to proceed in forma pauperis. (Doc. 2).

Federal court records reveal that Pittman has filed at least four cases that have been dismissed as meritless, including: *Pittman v. U.S. Dep't of Justice Federal Bureau of Prisons, et al.*, 4:17-cv-66-WS-GRJ (N.D. Fla. Jan. 31, 2017) (dismissed for failure to state a claim); *Pittman v. City of Waveland, Mississippi, et. al*, 1:22-cv-283-HSO-BWR (S.D. Miss. Oct. 17, 2022) (dismissed for failure to state a claim); *Pittman v. Wells Fargo, N.A., et al.*, 4:22-cv-5000-JSW (N.D. Cal. Sept. 1, 2022) (dismissed for lack of subject matter jurisdiction); and *Pittman v. Rees, et al.*, 4:22-cv-7143-JSW (N.D. Cal. Nov. 14, 2022) (dismissed as frivolous).

As the magistrate judge noted, a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee at the time he initiates the lawsuit. *See* 28 U.S.C. § 1915(g); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). An exception to this rule is if the prisoner is under imminent danger of serious physical injury. The court agrees with the

magistrate judge that Pittman has not alleged facts that suggest he is in imminent danger.

In his objections, Pittman denies previously filing a case in federal court in Florida (doc. 4 at 1), *Pittman v. U.S. Dep't of Justice Federal Bureau of Prisons, et al.*, 4:17-cv-66-WS-GRJ (N.D. Fla. Jan. 31, 2017). But a review of that petition indicates that Pittman handwrote and signed the petition, including his Federal Register Number 4695-177. (*Id.*, Doc. 1 at 10). So the court **OVERRULES** this objection.

Pittman also challenges the decision of the California district court in *Pittman v. Wells Fargo, N.A., et al.*, 4:22-cv-5000-JSW (N.D. Cal. Sept. 1, 2022) to dismiss the case for lack of subject matter jurisdiction. (Doc. 4 at 1–2). Pittman's complaints about the merits of this case are not properly before this court. Pittman must instead bring this complaint in the Northern District of California where the case was filed. As a result, the court also **OVERRULES** this objection.

Finally, Pittman argues that the court should not consider the California district court's decision in *Pittman v. Rees, et al.*, 4:22-cv-7143-JSW (N.D. Cal. Nov. 14, 2022) because Pittman didn't know this case existed until he received the magistrate judge's report and recommendation. (Doc. 4 at 2). According to Pittman, this "case was filed by Gerardina Ilaria to try to cause Pittman problems in federal prison." (*Id.* at 3). But Pittman's name, prisoner number, and address in this case matches the information provided in *Pittman v. Wells Fargo, N.A., et al.*, 4:22-cv-5000-JSW (N.D. Cal. Sept. 1, 2022), which Pittman admits he filed. And there's no reason to think that Pittman didn't write this handwritten complaint. Plus, Pittman's three other dismissals discussed above bar his complaint under 28 U.S.C. § 1915(g) even if someone else filed this case under Pittman's name. So the court **OVERRULES** this objection.

Having reviewed and considered de novo all the materials in the court file, including the report and recommendation and Pittman's objections, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Because Pittman failed to pay the filing and administrative

fees of $402.00 at the time he filed his complaint, the court will **DISMISS** this case **WITHOUT PREJUDICE**.

The court will enter a separate final order that closes this case.

**Done** and **Ordered** on August 1, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE